IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TYRELL WRIGHT #567066,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:24-cv-00726 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| **FAST ACCESS CORRECTIONAL** | ) MAGISTRATE JUDGE |
| **HEALTH CARE,** | ) FRENSLEY |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner civil rights case filed by Tyrell Wright, an inmate of the Northeast Correctional Complex in Mountain City, Tennessee. (Doc. No. 1).

Plaintiff has submitted an Application for Leave for Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). The Court must resolve the filing fee before moving to the required screening of the prisoner complaint.

### I. FILING FEE

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation (Doc. Nos. 2, 8), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Bledsoe County Correctional Complex to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

3

**A. Section 1983 Standard**

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**B. Facts Alleged in the Complaint**

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

On June 2, 2023, Plaintiff was a pretrial detainee in the custody of the Sumner County Jail. After an attack by unidentified individuals, a member of Defendant's nursing staff made an incision on the back of Plaintiff's head "but was not authorized to do so." (Doc. No. 1 at 5). The nurse put a "bandaid" on the incision, but the incision started to "bleed out" later. (*Id.*) An officer took Plaintiff back to the medical area where an unidentified person "stitch[ed] the open cut close[d]." (*Id.*)

The complaint alleges that Defendant was negligent and requests $150,000 for Plaintiff's scar and "uncontrollable" headache. (*Id.*)

**C. Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arise." *Eidson v. Tenn. Dep't of Children's Servs.*,

4

510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown*, 289 F. App'x 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). It is the Court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." *Standridge v. Tenn. Dep't of Children's Servs.*, No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Here, Plaintiff filed his complaint on June 5, 2024.[1] (*See* Doc. No. 1 at 11). Because the alleged precipitating event (the incision) occurred over one year before Plaintiff filed his complaint (on June 2, 2024), and because Plaintiff was aware of his claimed injuries at the time of the event, Plaintiff's claims concerning the event are barred by the governing statute of limitations for Section 1983 claims.

Even if Plaintiff had filed this lawsuit within the governing statute of limitations, the case would still be subject to dismissal, however. Plaintiff alleges that Defendant committed "medical

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Plaintiff filed his complaint on June 5, 2024, the date he signed the petition, even though the Clerk of Court received and docketed the petition on June 13, 2024.

negligence." (Doc. No. 1 at 3). The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement, which includes appropriate medical care to inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (citations omitted). The Due Process Clause of the Fourteenth Amendment incorporates these protections for pretrial detainees such as Plaintiff. *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018). An Eighth Amendment claim is composed of two parts: an objective prong, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective prong, which requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer*, 511 U.S. 825, 834, 837. Deliberate indifference is "a high standard of culpability, 'equivalent to criminal recklessness.'" *Greene v. Crawford Cnty., Mich.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 566 (6th Cir. 2020)).

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene*, 22 F.4th 593 at 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021) (citation omitted). But in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), the Supreme Court held that the standard for excessive force claims brought by pretrial detainees under the Due Process Clause of the Fourteenth Amendment differs from the standard for excessive force claims brought by convicted prisoners under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Id.* at 391-92. The Court held that, to prove the second prong of an excessive force claim, a pretrial detainee must show that "the officers were *subjectively* aware that their use of force was unreasonable, or only that the officers' use of that force was *objectively* unreasonable." *Id.* at 391-92 (italics in original).

*Kingsley* left open the question of "whether an objective standard applies in other Fourteenth Amendment pretrial detainment context[s]." *Brawner*, 14 F.4th at 592. Finding that it was "no longer tenable" after *Kingsley* to apply the same analysis to the "constitutionally different groups" of convicted prisoners and pretrial detainees, the Sixth Circuit in "*Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness[.]" *Id.* at 592, 596. Thus, under *Brawner*, to prove a deliberate indifference to serious medical needs claim under the Fourteenth Amendment, "'[a] pretrial detainee must prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*, 14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). He or she must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (citation and quotation marks omitted). Subsequently, the Sixth Circuit decided *Trozzi v. Lake Cnty.*, 29 F.4th 745 (6th Cir. 2022), which articulated the modified standard as follows:

> [A] plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

Id. at 757. The Court pointed out that this standard still "ensur[es] that there is a sufficiently culpable mental state to satisfy the [ ]high bar[ ] for constitutional torts grounded in a substantive due process violation." *Id.* at 758. A showing of "mere negligence is insufficient." *Id.* at 753 (citing *Brawner*, 14 F.4th at 596).

7

Here, the complaint alleges that a member of Defendant's medical staff acted negligently. The allegations do not meet the standard set forth in *Brawner* and *Trozzi*.[2] Thus, the complaint, even if it had been timely filed, does not state a Section 1983 claim upon which relief can be granted.

### III. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that Plaintiff's Section 1983 claim was filed outside the governing statute of limitations and therefore must be dismissed. Alternatively, the allegations of the complaint fail to state a claim upon which relief can be granted via Section 1983. Accordingly, this action is therefore **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Moreover, the complaint only names Fast Access Correctional Health Care, the entity presumably responsible for providing medical care to Sumner County Jail inmates. The complaint does not name the Fast Access Correctional Health Care Nurse who allegedly made the incision about which Plaintiff complains. Because Defendant Fast Access Correctional Health Care performs a traditional state function in providing medical care to inmates, it acts under color of state law and may be sued under Section 1983. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993). For Defendant to be liable under Section 1983, Plaintiff must allege that there is a direct causal link between a policy or custom of Defendant and an alleged constitutional violation. *See Monell,* 436 U.S. 658, 691. In other words, Defendant may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right"). The complaint here does not allege the existence of any relevant official policies or customs.